PF LAZOR
Box 6000 C73842 B1-116
DELANO, CALIFORNIA 93216-6000

ORIGINAL

FILED
OCT 27 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PF LAZOR,
  Petitioner

vs

MIKE KNOWLES, WARDEN,
  RESPONDENT

No. 1:08-cv-00331 OWW DLB He

SECOND MOTION TO VACATE ORDER FOR GOOD CAUSE BASED ON RESPONDENT'S UNCONSTITUTIONAL AND MALICIOUS IMPEDING OBSTRUCTIONS; AND FOR OTHER NECESSARY RELATED RELIEF, & SANCTIONS; AND NOTICE OF CHANGE OF ADDRESS

PETITIONER HEREBY MAKES A SECOND MOTION TO VACATE THE COURT'S ORDER OF DISMISSAL OF THIS ACTION; AFTER THE COURT GRANTED THE FIRST MOTION, THEN ISSUED A SECOND DISMISSAL ORDER BASED ON PETITIONER'S SECOND EPISODE OF FAILURE TO PRESENT OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION (F&R) – BOTH FAILURES BY PETITIONER BEING SOLELY THE FAULT OF RESPONDENT'S UNCONSTITUTIONAL AND MALICIOUS IMPEDING OBSTRUCTIONS TO THIS ACTION AND REPRISALS FOR THIS ACTION (THE PETITION). PETITIONER WILL ALSO ASK THE COURT HEREIN FOR OTHER RELIEF THAT IS ABSOLUTELY NECESSARY FOR PETITIONER TO FILE OBJECTIONS (BECAUSE RESPONDENT HAS CONFISCATED THE F&R AND ENTIRE CASE FILE), AND REQUESTS THAT THE COURT IMPOSE HARSH SANCTIONS ON RESPONDENT FOR HIS CONTINUAL CONFISCATIONS OF ALL PETITIONER'S CASE FILES, DESTRUCTION OF THEM AND SABOTAGE OF PETITIONER'S EVERY COURT CASE HE SEEKS TO PURSUE.

PETITIONER ALSO NOTIFIES THE COURT, HEREBY, OF HIS CHANGE OF ADDRESS FROM THE LAST ONE OF RECORD (AT IONE), TO THAT ATOP THIS PAGE, AND

1

REQUESTS THE COURT TO HAVE THE ADDRESS CHANGE OFFICIALLY MADE IN THE CASE FILES.

## BACKGROUND

ON AN UNKNOWN DATE, PETITIONER FILED THIS ACTION, APPARENTLY A PETITION FOR WRIT OF HABEAS CORPUS.

ON MARCH 14, 2008, THE MAGISTRATE ISSUED F&R TO DISMISSION THE PETITION.

ON 4-25-08 THE COURT DISMISSED THE PETITION, (JUDGMENT ENTERED 4-28-08), AS PETITIONER FAILED TO FILE OBJECTIONS TO THE F&R.

ON 7-7-08 THE COURT VACATED SAID ORDER OF DISMISSAL BASED ON PETITIONER'S SHOWING THAT RESPONDENTS' INTERFERED WITH PETITIONERS' MAIL TO THE COURT CAUSING THE DISMISSAL. (PETITIONERS' MOTION TO VACATE WAS DATED/FILED 5-22-08 ACCORDING TO COURT'S ORDER: "MAY 222, [sic], 2008). THAT ORDER, APPARENTLY CONTAINED THE PROVISION FOR PETITIONER TO FILE OBJECTIONS TO THE REINSTATED F&R WITHIN 30 DAYS. PETITIONER DILIGENTLY ACTED ON THE ORDER, PREPARING HIS OBJECTIONS, AND ONE MOTION FOR EXTENSION OF TIME OF 30 DAYS NEEDED DUE TO RESPONDENTS' REPEATED INTERFERENCES OF PETITIONERS' ACCESS TO THE LAW LIBRARY AND TO HIS FILE OF THIS CASE (ENTIRE CASE FILES) WITHOUT WHICH PETITIONER HAD NO IDEA WHAT THIS CASE WAS EVEN ABOUT. (NOT THAT ITS NOT AN IMPORTANT/URGENT CASE, BUT BECAUSE RESPONDENTS HAVE BOMBARDED PETITIONER WITH SO MANY EMERGENCY ACTS AND UNCONSTITUTIONAL INHUMANE ABUSES AND VIOLATIONS, AND DAMAGED HIS MEMORY BY BRUTAL BRAIN TRAUMA USING PHYSICAL VIOLENCE, THAT PETITIONER HAS NO WAY TO KNOW WHAT THIS CASE IS ABOUT). THE ENTIRE CASE FILES WERE CONFISCATED BY PRISON GUARD R.B. MAY AND SGT. MATTHEW MINNICK ON 5-22-08 AND REMAIN CONFISCATED TO DATE (SEPT 22, 2008).

ON 8-19-08, MATTHEW MINNICK AGAIN CONFISCATED THE NEW PORTION OF CASE FILES OF THIS ACTION, CREATED SINCE THE 5-22-08 CONFISCATION

AND PERMANENT SEQUESTERING. WITHOUT THOSE NEW FILES, PETITIONER'S WELL KEPT RECORDS AS TO WHEN HE RECEIVED THE ORDER TRIGGERING HIS 30-DAY TIME TO RESPOND, WHEN HE SENT HIS MOTION FOR EXTENSION OF TIME AFTER RECEIVING THE COURT'S 7-7-08 ORDER TO FILE OBJECTIONS (WHICH THE COURT EVIDENTLY DID NOT RECEIVE), AND HIS PARTLY-COMPLETED OBJECTIONS. THE OBJECTIONS COULD NOT BE COMPLETED BECAUSE PETITIONER HAD & HAS NO IDEA WHAT THE F&R SAYS, NOR WHAT THIS CASE IS ABOUT BECAUSE OF MATTHEW MINNICK'S CONFISCATION OF ALL CASE FILES. MINNICK HAS VOWED TO DESTROY THE FILES, NOT ONLY WHAT THE COURT HAS COPIES OF, BUT MANY OTHER IRREPLACEABLE DOCUMENTS THAT CONSTITUTE PETITIONER'S "FILE" OF THIS CASE, THESE OTHER NON-OF-RECORD DOCUMENTS RESERVED FOR TRAVERSE AND FURTHER PROSECUTION OF THIS CASE, POSSIBLE APPEAL, ETC. (SEE EXHIBIT A, MINNICK'S MEMO OF 7-18-08 ASSERTING THAT THIS INSTANT CASE DOES NOT EXIST AS AN ACTIVE LEGAL CASE, AND THAT HE THEREFORE HAS SEIZED AND PLANS TO DESTROY THIS CASE FILE ALONG WITH HUNDREDS OF OTHERS. [1]/

    PETITIONER CONTINUED TO DO ALL HE COULD TO TIMELY ABIDE BY THE COURT'S ORDER AND PREPARE HIS OBJECTIONS, WHILE WAITING FOR THE COURT'S EXPECTED GRANT FOR EXTENSION OF TIME UNTIL SOMETIME IN SEPTEMBER 2008, PETITIONER PREPARED A MOTION FOR THE COURT TO ORDER SGT. MINNICK TO RETURN PETITIONER'S CASE FILES TO HIM AND NOT DESTROY THEM. MINNICK CONFISCATED THAT MOTION TOO BEFORE IT GOT MAILED TO THE COURT. HE CONFIDED TO PETITIONER THAT HE WAS IN A WAR AGAINST HIM, AND WOULD DO ANYTHING HE COULD TO DESTROY PETITIONER'S COURT CASES, ALL LEGAL CASE FILES AND HIS LIFE, BY DESTROYING HIS PROPERTY.

---

[1]. MINNICK'S STATEMENT IN THIS MEMO CLAIMING THAT HE'S PROVIDING AN OPTION TO PETITIONER TO MAIL OUT/SAVE THESE BOXES OF ACTIVE COURT CASES, IS A RUSE AND A LIE. MINNICK HAS BLOCKED EVERY AVENUE, EVERY ATTEMPT BY PETITIONER, AS HIS GREATEST LIFE EMERGENCY EVER IN HIS LIFE TO SAVE THESE FILES & PROPERTY. THIS INCLUDES MINNICK CONFISCATING & KEEPING (DESTROYING?) OVER $500.00 IN POSTAGE STAMPS PETITIONER ATTEMPTED TO USE TO SAVE THE FILES & PROPERTY BY MAILING THEM OUT, & MINNICK REFUSES TO MAIL THEM TO PETITIONER'S ATTORNEY STEVEN SANDERS.

3

MINNICK EVEN TRIED TO PROVOKE PETITIONER INTO A VIOLENT PHYSICAL BATTLE WITH HIM; AND MINNICK ALSO HAS ATTEMPTED TO KILL PETITIONER BY TORTURING HIM TO DEATH BY PERMANENTLY SEIZING HIS LIFE-SUSTAINING MEDICAL DEVICE ON 8-19-08, WITHOUT WHICH PETITIONER HAS BEEN DEPRIVED OF ANY DRINKING WATER FOR OVER ONE MONTH. THIS IS MENTIONED TO DEMONSTRATE TO THE COURT THE MALICIOUSNESS AND RETALIATORY NATURE OF RESPONDENTS' DELIBERATE INTER-FERENCE WITH THIS COURT ACTION (MINNICK IS A DIRECT AGENT OF RESPONDENT KNOWLES, AND KNOWLES KNEW AND KNOWLES CURRENT SUCCESSOR WARDEN, MIKE MARTEL, PERSONALLY KNOW OF THESE ACTIONS BY MINNICK & HIS CO-CONSPIRATORS, AND KNOWLES & MARTEL HAVE KNOWINGLY, WILLFULLY, DELIBERATELY HAVE ACTED IN CONCERT WITH MINNICK IN ALL THIS ACTIVITY.

BECAUSE THE ENTIRE CASE FILES HAVE BEEN CONFISCATED, AND THE RENEWED NEW WORK PRODUCT OF A NEW PARTIAL CASE FILE CREATED UP THROUGH 8-19-08, HAS ALSO BEEN SEIZED BY MINNICK ON 8-19-08, AND ADDED TO THE OTHER LEGAL FILES SLATED TO BE DESTROYED (EXHIBIT A), PETITIONER HAS BEEN STRIPPED OF (a) HIS PROOF THAT HE PREPARED THE TIMELY RESPONSES (MINNICK HAS PETITIONER'S COPIES & CAREFULLY-KEPT RECORDS), (b) THAT PETITIONER MAILED THEM (MINNICK HAS PETITIONER'S RECORDS), (c) ALL OF THE WORK-PRODUCT OF HIS MOTIONS AND SUCH, AS MINNICK SEIZED THEM; (d) RECORDS OF OTHER GUARDS RELENTLESS INTERFERENCES WITH LAW LIBRARY ACCESS FOR THIS CASE, AND (e)

(FORGOT = MEMORY DAMAGE / FORGOT WHERE I WAS).

ON 8-19-08, RESPONDENTS BROKE ALL THE RULES IMAGINABLE, VIOLATING MANY CDCR REGULATIONS, PENAL LAWS, & US CONSTITUTION, TO, WITH THE REQUIRED PRE-REQUISITES, AND BY SUBTERFUGE AND FALSIFICATIONS OF OFFICIAL PRISON STATE DOCU-MENTS, TRANSFERRED PETITIONER TO A PRISON YARD WHERE THEY KNEW HE HAD A DOCUMENTED ENEMY AND BY LAW COULD NOT BE SENT, TO RESULT IN PETITIONER BEING PUT IN THE HOLE FOR ABOUT TWO MONTHS SO FAR AND ONGOING, KNOWING

4

it would drive petitioner towards insanity and suicide which it has, due to his fragile mental state respondents KNEW of when they did this — deliberately to drive him to suicide, and to deprive him IN THE HOLE, of all means to get any law library access & access to the basic things needed to prosecute this case. This act by respondents was retaliatory as a reprisal for this legal action (and others), and to obstruct and abrogate all possible means to prosecute this case.

WHEREFORE, plaintiff requests the court to do the following:

1. Vacate the order adopting the F&R and dismissing the petition;

2. Appoint counsel because respondents will never allow petitioner the capability to prosecute this action; [2]

3. Allow 60 DAYS to file objections to the F&R;

4. For the court to send a copy of the entire case file to petitioner so he can get clued in to what this case is and what its about, and to thereby have something meaningful to respond to — or similarly to provide it to appointed counsel, preferably. (If PAC counsel is not appointed, we can expect the file will be confiscated again by respondents co-worker agents, perpetually — as its always been for over 20 years).

5. MOST IMPORTANTLY: To immediately issue an emergency injunction order preventing respondent and any

---

2. Like no other prisoner in CDC history, for 25 years, NONSTOP, CDC agents have singled out this prisoner, and utilized over 1500 named CDC employees to sabotage EVERY SINGLE ONE of the hundreds of petitions and suits he prepared and filed or tried to file in court — ONLY ONE in 25 years of continuous nonstop efforts got through, and that was solely because the court appointed the Sacramento Federal Defenders Office (Allison Claire, Esq.). In which case it was proven that Lazar was framed with planted evidence that CDC prison staff KNEW ABOUT when they joined in a conspiracy with inmate Joseph Romero to suppress the evidence of the evidence being planted.

5

CDCR AGENT, OR ANYONE, FROM DESTROYING, DISPOSING OF, OR OTHERWISE HARMING OR LOSING THE CASE FILES TO THIS ACTION (OR ANY OTHERS), AND TO CAUSE RESPONDENTS TO IMMEDIATELY TRANSPORT SAID LEGAL FILES AND PROPERTY TO PETITIONER AT WHATEVER PRISON HE'S AT AT THE TIME WITH SPECIAL SAFEGUARDS AND PRECAUTIONS FOR ITS SAFETY;

6. ALTERNATIVELY (TO PARAGRAPH 5), IMMEDIATELY DISPATCH A U.S. MARSHAL TO GO TO MCSP AND TAKE POSSESSION OF ALL OF PETITIONER'S PROPERTY SLATED FOR DESTRUCTION BY SGT MINNICK (EXHIBIT A: BUT NOW IS 24 BOXES, 3 BAGS, AND ONE ADDITIONAL CONTAINER SEIZED IN FEBRUARY OR MARCH 2008);

7. FOR STIFF SANCTIONS, MONETARY AND OTHERWISE, AGAINST RESPONDENT KNOWLES, HIS SUCCESSOR MIKE MARTEL, THEIR AGENT SGT MATTHEW MINNICK, FOR THEIR UNCONSTITUTIONAL IMPEDIMENTS THAT HAVE INSUPERABLY OBSTRUCTED PETITIONER'S ABILITY AND CAPABILITY TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS ACTION, 3/

VERIFICATION

I, PFLAZOR, DECLARE AND AFFIRM THAT THE FOREGOING STATEMENTS ARE TRUE FACTS, AND I SO DECLARE AND AFFIRM, SUBJECT TO PENALTIES FOR PERJURY, BASED ON MY OWN KNOWLEDGE.

DATE: 9-22-08
COUNTY OF KERN,
CALIFORNIA

RESPECTFULLY PRESENTED,

_____
PFLAZOR

---

3. MORE CDC EMPLOYEES HAVE JUMPED ON THIS OBSTRUCTION/IMPEDIMENTS AT THE PRESENT PRISON LOCATION (KVSP, DELANO), BY SEIZING 75% OF WHAT MINIMAL PROPERTY PETITIONER WAS LEFT WITH AND BY DENYING PETITIONER COURT COPIES OF PLEADINGS SUCH AS THIS, WEEK AFTER WEEK, DENYING PAPER, PEN FILLER, LAW LIBRARY, TO PREVENT THIS FROM EVER REACHING THE COURT & SERVICE COPY FROM BEING SERVED ON RESPONDENT/A.G.

6

State of California      Department of Corrections and
Rehabilitation

# Memorandum

**Date:** July 18, 2008

**To:** Inmate **Lazor C-73842**

**Subject:** **Legal Property Storage**

I was recently informed by the Mule Creek State Prison Litigations Office that you do not have any active court cases. The Departmental Operations Manual (DOM) section 54030.9.1 states that inmate may only store legal material when he has an active case pending. A recent inventory of the Legal Property Conex Box revealed you have 20 boxes of legal material, which is taking up a significant amount of space. It also states that the inactive material must be mailed out to friends or family at the inmate's expense or the inmate can request it to be destroyed.

The Litigation Coordinator has contacted the Office of the Attorney General and has received a list of the following cases; all of your cases are <u>closed</u>.

| Case | Location | Status |
|---|---|---|
| BH001706 | San Diego | Closed |
| C951228CAL | San Francisco | Closed |
| HC2227 | Los Angeles | Closed |
| H015157 | San Francisco | Closed |
| 0215624 | San Francisco | Closed |
| A024654 | San Francisco | Closed |
| CV753700 | San Francisco | Closed |
| 97W0106 A,B,&C | Sacramento | Closed |
| CIVS841134RAR | Sacramento | Closed |
| 03-15882 | Sacramento | Closed |
| CHW-1823 | Sacramento | Closed |
| CVF-97-6007 | Sacramento | Closed |

This memorandum is to officially inform you that, you have 30 days from the date of this notification to produce official documentation to show you have an active court case. Should you not provide sufficient information you will be require per Departmental Policy to mail all stored legal property to friends or family or request that it be destroyed.

If you have any questions, please feel free to contact Sergeant Minnick.

M. MINNICK
Correctional Sergeant
Receiving & Releasing
Mule Creek State Prison

B. HOLMES
Litigation Coordinator
Mule Creek State Prison

*Notice served on 8/7/08 - I/M has 30 days from 8/7/08*

*EXHIBIT A*

```
1   PF Lazor C-71842
    P.O. Box 409040  (PAL)
2   IONE, CA 95640

3   Layman at law, without counsel

4

5

6

7   PF Lazor,                              )   No. 1:08-cv-00331 OWW DLB HC
                                           )
8   vs.                                    )
                                           )
9   MIKE KNOWLES & SUCCESSORS, et al       )   PROOF OF SERVICE
                                           )
10

11  I, PF Lazor, an adult party to this action, hereby certify that I served the
    below-named parties, by delivering (to prison authorities for delivery) into
12  the United States mail system with prison postage provisions thereto, the
    following/attached document(s):
13
    1. SECOND MOTION TO VACATE ORDER,... & OTHER RELIEF & SANCTIONS...
14
    2.
15
    3.
16
    4.
17
    5.
18

19  PARTIES SERVED:

20  Jerry Brown, Attorney General
    Attn:
21  1300 I Street, Suite 125
    Sacramento, CA 94244-2445
22

23

24

25  I, PF Lazor, first being duly deposed, hereby declare subject to penalties for
    perjury that the foregoing is true and correct.
26
                                                    _____
27  Dated: 9-22-08 ATTEMPTED                         PF Lazor, Declarant
           9-29-08 ATTEMPTED
28         10-6-08 ATTEMPTED  } OBSTRUCTED BY KVSP/CDCR
           10-15-08 ATTEMPTED }  AGENTS
           10-22-08 (PFL)
```